**POLSINELLI LLP**
Adam Daniels (SBN 296466)
ADaniels@polsinelli.com
2049 Century Park East, Suite 2900
Los Angeles. CA  90067
Telephone:  310-556-6754
Facsimile:   310-556-1802

**POLSINELLI PC**
John R. Posthumus (*Pro Hac Vice*)
JPosthumus@polsinelli.com
1401 Lawrence Street
Suite 2300, Denver CO 80202
Telephone:  303-572-9300
Facsimile:   303-572-7883

*Attorneys for Plaintiff*
*RE/MAX, LLC*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RE/MAX, LLC<br><br>    Plaintiff,<br><br>  v.<br><br>Donald Abrams d/b/a<br>Abrams Coastal Properties<br><br>    Defendant. | Case No. 8:23-cv-1714<br><br>**COMPLAINT**<br><br>Date:  Click here to enter a date.<br>Judge: _____ |

Plaintiff RE/MAX, LLC ("RE/MAX") for its Complaint against Defendant Donald Abrams ("Abrams") d/b/a Abrams Coastal Properties ("Defendant") hereby alleges as follows:

## Nature of the Action

1. In this action, RE/MAX seeks injunctive and monetary relief for acts of trademark infringement and unfair competition under the Federal Trademark Act, 15 U.S.C. § 1051 *et seq.*, trademark infringement under CAL. BUS. & PROF.

75322889.4

CODE § 14200 *et seq.*, unfair competition under CAL. BUS. & PROF. CODE. ANN. § 17200 *et seq.*, and common law trademark infringement and unfair competition under California law.

**Parties**

2. RE/MAX is a limited liability company formed under the laws of the state of Delaware with its principal place of business at 5075 South Syracuse Street, Denver, Colorado 80237.

3. Upon information and belief, Defendant Abrams is an individual residing and providing real estate brokerage services within this District and having a main office address at 315 Marine Avenue, Newport Beach, California 92662. According to the California Department of Real Estate public records, Abrams is the broker sponsoring real estate licenses for Abrams Costal Properties and does business as Abrams Costal Properties.

**Jurisdiction and Venue**

4. This action arises under §§ 1114(1) and 1125(a) of the Lanham Act, 15 U.S.C. § 1051 et seq., CAL. BUS. & PROF. CODE. ANN. § 14200 *et seq.* and § 17200 *et seq.*, and the common law of the State of California.

5. The Court has original jurisdiction over this action pursuant to 15 U.S.C. § 1121 and supplemental jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338, and 1367.

6. This Court has personal jurisdiction over Defendant because Defendant provides services to customers located in California, conducts business in the Central District of California, and has an office located at 315 Marine Avenue, Balboa Island, Newport Beach, California 92662 in the Central District of California.

7. Venue is proper within this judicial district pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part of the events giving rise to the claims in

the action occurred within this jurisdiction, which include but are not limited to Defendant providing real estate sales and development services in this judicial district and maintaining an office in this judicial district.

## Background

8. Operating throughout the United States, the RE/MAX franchise network (the "RE/MAX Network") is a real estate system of independently owned and operated franchised offices and their affiliated independent contractor/sales associates who are authorized to use the RE/MAX trademarks in connection with providing real estate brokerage services.

9. Since the early 1970s, and continuing to present, those affiliated with the RE/MAX Network have provided real estate brokerage services in interstate commerce in the United States in connection with the for-sale sign design, examples of which are set forth below:






10. RE/MAX owns several U.S. trademark registrations for its for-sale sign design, including U.S. Trademark Registration Nos. 1,702,048; 1,691,854; 1,720,592; 4,986,346; 5,453,086; and 5,453,087.  Copies of the registration certificates for these marks are attached as Exhibit A, which are incorporated herein by reference. RE/MAX also owns California State Trademark Registration No. 37219. A copy of RE/MAX's California registration is attached as Exhibit B

11. U.S. Trademark Registration Nos. 1,702,048; 1,691,854; 1,720,592; and 4,986,346 have been declared incontestable pursuant to 15 U.S.C. § 1065.

12. The federal registration rights, California registration rights, and common law rights of RE/MAX in the service marks described above are collectively referred to as the "RE/MAX Sign Design."

13. The RE/MAX Sign Design is used by the RE/MAX Network on a variety of advertising media including property listing signs, directional signs, open house signs, business cards, Internet web sites, television commercials, billboards, bus stop benches, banners and other advertising and promotional items.

14. Since 1973, RE/MAX and the RE/MAX Network have invested billions of dollars to develop, promote, and maintain the RE/MAX Sign Design, among other marks owned by RE/MAX, in the United States and worldwide.

15. Franchisees and their sales associates in the RE/MAX Network have used the RE/MAX Sign Design in connection with representing either the buyer or the seller over 35 million times in real estate sale transactions in the United States and worldwide, resulting in over five trillion dollars in sales volume from 1973 to the present.

16. At any given time, there are more than 130,000 RE/MAX property listings in the United States, almost all of which prominently display the RE/MAX Sign Design.

17. As a result of substantial sales and extensive advertising and

promotion, the RE/MAX Sign Design has become widely and favorably known as identifying real estate brokerage and related services originating from, sponsored by or associated with the RE/MAX Network. The public has come to associate the distinctive RE/MAX Sign Design with the RE/MAX Network as a source of high-quality real estate brokerage services.

### Defendant's Activities

18. RE/MAX learned that Defendant has been using, in conjunction with real estate services, a red-over-white-over-blue horizontal bar design that is confusingly similar to the RE/MAX Sign Design (the "Infringing Sign Design"). A color image of the Infringing Sign Design is depicted below.



19. RE/MAX, by correspondence on multiple occasions beginning in 2016 to the present, expressed its objection to Defendant's use of the Infringing Sign Design depicted above because of the likelihood of consumer confusion arising from that use.

20. Despite constructive and actual knowledge of RE/MAX's trademark rights and RE/MAX's multiple requests to cease using the confusingly similar trademark, Defendant has used and continues to use the Infringing Sign Design in

connection with the advertising and promotion of real estate services in competition with RE/MAX and the RE/MAX Network.

21. Upon information and belief, Defendant began using the Infringing Sign Design for real estate services subsequent to RE/MAX's use and registration of the RE/MAX Sign Design, and on information and belief, is still using such Infringing Sign Design.

22. Upon information and belief, Defendant will continue to commit the acts complained of in this Complaint unless enjoined.

23. Upon information and belief, Defendant has profited and continues to profit from its unlawful acts.

## CLAIMS FOR RELIEF

### COUNT I

### Trademark Infringement Under Federal Law

### (15 U.S.C. § 1114(1))

24. RE/MAX realleges the allegations contained in the paragraphs above.

25. This is a claim for infringement of the federally-registered trademarks of RE/MAX, as depicted in the attached Exhibit A.

26. Defendant's conduct is likely to cause confusion, or to cause mistake, or to deceive the purchasing public and others, whereby they would be led to mistakenly believe that Defendant is affiliated with, related to, sponsored by, or connected with RE/MAX or the RE/MAX Network, in violation of 15 U.S.C. § 1114(1).

27. Defendant's conduct also constitutes an attempt to trade on the goodwill that RE/MAX has developed in the RE/MAX Sign Design, all to the damage of RE/MAX.

28. Defendant's conduct has caused and, unless restrained and enjoined by this Court, will continue to cause irreparable harm, damage, and injury to

RE/MAX.

29. RE/MAX has no adequate remedy at law.

## COUNT II

### Unfair Competition and False Designation of Origin Under Federal Law
### (15 U.S.C. § 1125(a))

30. RE/MAX realleges the allegations contained in the paragraphs above.

31. This is a claim for unfair competition under the Lanham Act, 15 U.S.C. § 1125(a), arising from Defendant's unlawful acts, including, without limitation, use of a false designation of origin which is likely to cause confusion, mistake, or deception as to origin, sponsorship, or approval of Defendant's services, in violation of 15 U.S.C. § 1125(a).

32. Defendant's conduct constitutes an attempt to trade on the goodwill that RE/MAX has developed in the RE/MAX Sign Design, all to the damage of RE/MAX.

33. By its conduct, Defendant has caused RE/MAX irreparable harm and injury and will continue to do so unless Defendant is restrained and enjoined by this Court from further violation of RE/MAX's rights.

34. RE/MAX has no adequate remedy at law.

## COUNT III

### Unfair Competition under California Unfair Trade Practices Statute
### (Cal. Bus. & Prof. Code. Ann. § 17200 *et seq.*)

35. RE/MAX realleges the allegations contained in the paragraphs above.

36. Defendant's conduct constitutes misappropriation of valuable property rights of RE/MAX and is trading on the goodwill symbolized by the distinctive RE/MAX Sign Design. Defendant's activities are likely to confuse and deceive members of the purchasing public and others, and otherwise damage the public by engaging in false or unfair trade acts or business practices, all to the

1  damage of RE/MAX.

2      37.    The activities of the defendant as described in the forgoing paragraphs, and in each cause of action herein asserted, constitute unfair and/or deceptive trade practices that have occurred and are occurring in commerce, and have proximately caused and are proximately causing injury to RE/MAX. Thus, these activities violate the California statutory prohibition of unfair trade practices, CAL. BUS. & PROF. CODE. ANN. § 17200 *et seq.*

    38.    Defendant's conduct has caused and, unless restrained and enjoined by this Court, will continue to cause irreparable harm, damage, and injury to RE/MAX.

    39.    RE/MAX has no adequate remedy at law.

## COUNT IV
## Trademark Infringement Under California Statute
## (Cal. Bus. & Prof. Code § 14200, *et seq.*)

    40.    RE/MAX realleges the allegations contained in the paragraphs above.

    41.    This is a claim for trademark infringement of RE/MAX's California state registered trademark, as depicted in the attached Exhibit B.

    42.    Defendants' conduct is likely to cause confusion, mistake, or deception as to the source or origin of Defendants' real estate brokerage services, or the affiliation, sponsorship, or other relationship between Defendants and RE/MAX, in violation of Cal. Bus & Prof. Code § 14200, *et seq.*

    43.    Defendants' conduct also constitutes an attempt to trade on the goodwill that RE/MAX has developed in the RE/MAX Sign Design, all to the damage of RE/MAX.

    44.    By their conduct, Defendants have caused RE/MAX irreparable harm, damage, and injury and will continue to do so unless restrained and enjoined by this Court from further infringing the RE/MAX Sign Design.

# COUNT V

**California Common Law Trademark Infringement and Unfair Competition**

45. RE/MAX realleges the allegations contained in the paragraphs above.

46. This is a claim for trademark infringement and unfair competition under the common law of California, arising from Defendant's use, and continued use, of the RE/MAX Sign Design in commerce in connection with the provision of real estate sales services, which are likely to create consumer confusion in the marketplace; therefore, those activities constitute trademark infringement and unfair competition under the common law of California.

47. Defendant's conduct constitutes an attempt to trade on the goodwill that RE/MAX has developed in the RE/MAX Sign Design, all to the damage of RE/MAX.

48. By its conduct, Defendant has caused RE/MAX irreparable harm and injury and will continue to do so unless Defendant is restrained and enjoined by this Court from further violation of RE/MAX's rights.

49. RE/MAX has been damaged by the conduct of Defendant as described herein and will continue to be so damaged in the absence of relief from this Court.

## Relief Sought

WHEREFORE, RE/MAX asks this Court to:

A. Grant preliminary and permanent injunctive relief enjoining Defendant and any principals, agents, servants, employees, successors, and assigns of Defendant and all those in privity, concert, or participation with Defendant from:

   i. Imitating, copying, duplicating, or otherwise making any use of the Infringing Sign Design, RE/MAX Sign Design or any mark confusingly similar to the RE/MAX Sign Design;

  ii. Manufacturing, producing, distributing, circulating, selling, or otherwise disposing of any printed material which bears any copy or colorable imitation of the Infringing Sign Design or RE/MAX Sign Design;

  iii. Using any unauthorized copy or colorable imitation of the Infringing Sign Design or RE/MAX Sign Design in such fashion as is likely to relate or connect Defendant with RE/MAX or the RE/MAX Network;

  iv. Using any false designation of origin or false description which can or is likely to lead the trade or public, or individual members thereof, to believe mistakenly that any service advertised, promoted, offered, or sold by Defendant is sponsored, endorsed, connected with, approved, or authorized by RE/MAX;

  v. Causing likelihood of confusion or injury to RE/MAX's business reputation and to the distinctiveness of the RE/MAX Sign Design by unauthorized use of a confusingly similar sign design;

  vi. Engaging in any other activity constituting unfair competition or infringement of the RE/MAX Sign Design or RE/MAX's rights in, or to use, or to exploit the same; and

  vii. Assisting, aiding or abetting another person or business entity in engaging or performing any of the activities enumerated in subparagraphs (i) through (vi) above.

 B. Find that Defendant has infringed the RE/MAX Sign Design in violation of federal law and has damaged RE/MAX's goodwill by Defendant's conduct.

 C. Find that Defendant has unfairly competed with RE/MAX by the acts complained of herein in violation of federal law.

 D. Find that Defendant's acts constitute trademark infringement under Cal. Bus & Prof. Code § 14200, *et seq.*

1      E.    Find that Defendant's acts constitute unfair competition under Cal. Bus. & Prof. Code. Ann. § 17200 *et seq*.

    F.    Find that Defendant has unfairly competed and infringed the RE/MAX Sign Design by the acts complained of herein in violation of the common law of California.

    G.    Grant an order requiring Defendant, and any principals, agents, servants, employees, successors, and assigns of and all those in privity or concert with Defendant who receive actual notice of said order, to deliver up or at RE/MAX's election certify the destruction or removal of, all signs, articles, promotional, advertising and any other printed materials of any kind bearing the Infringing Sign Design, RE/MAX Sign Design, and any mark confusingly similar to the RE/MAX Sign Design.

    H.    Award RE/MAX judgment for damages against Defendant resulting from violation of Section 32(1) of the Lanham Act (15 U.S.C. § 1114(1)) and Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)) for Federal Trademark Infringement and Federal Unfair Competition, respectively, in an amount to be fixed by the Court, which in its discretion it finds just, including:

        i.    All profits received by Defendant from sales and revenues of any kind as a result of the actions complained of herein;

        ii.    All damages sustained by RE/MAX as a result of Defendant's acts of infringement and unfair competition, and that such damages be trebled; and

        iii.    That, in light of the deliberate and willful actions of the Defendant, which is evidenced by RE/MAX's putting Defendant on notice of its infringing conduct and Defendant's continued infringement and complete disregard of RE/MAX's rights, this action be designated an exceptional case, thereby entitling RE/MAX to an award of all reasonable attorneys' fees, costs, and disbursements

incurred by RE/MAX as a result of this action, pursuant to 15 U.S.C. § 1117, and that RE/MAX be awarded such relief;

  I. Award RE/MAX judgment for damages against Defendant resulting from Defendant's trademark infringement in violation of Cal. Bus & Prof. Code § 14200, *et seq.*, in an amount to be fixed by the Court, which in its discretion it finds just.

  J. Award RE/MAX judgment for damages against Defendant resulting from Defendant's unfair competition in violation of Cal. Bus. & Prof. Code. Ann. § 17200 *et seq.*, in an amount to be fixed by the Court, which in its discretion it finds just, including:

   i. All damages sustained by RE/MAX as a result of Defendant's acts, and that Defendant be enjoined from continuing its injurious actions under Cal. Bus. & Prof. Code. Ann. § 17203; and

   ii. That, in light of the deliberate and willful actions of the Defendant, which is evidenced by RE/MAX's putting Defendant on notice of its infringing conduct and Defendant's continued infringement and complete disregard of RE/MAX's rights, this action be designated an exceptional case, thereby entitling RE/MAX to an award of all reasonable attorneys' fees, costs, and disbursements incurred by RE/MAX as a result of this action;

  K. Award RE/MAX pre- and post-judgment interest on any monetary award made part of the judgment against Defendant;

  L. Award RE/MAX its costs and disbursements of this civil action, including, without limitation, reasonable attorneys' fees; and

  M. Grant to RE/MAX such other and further relief as the Court may deem just, proper, and equitable under the circumstances.

**Jury Demand**

RE/MAX demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted this <u>14th</u> day of September, 2023.

                Polsinelli LLP

                By: <u>/s/*Adam P. Daniels*</u>
                Adam Daniels #296466
                John Posthumus (*Pro Hac Vice Incoming*)
                2049 Century Park E #2900
                Los Angeles, CA 90067
                adaniels@polsinelli.com
                jposthumus@polsinelli.com

                *Attorneys for Plaintiff*
                RE/MAX, LLC